IRA W. LUTMAN, Appellant, v, JOHN FIELDS, Respondent.

Kansas City Court of Appeals, January 5, 1914.

ATTACHMENTS: Fraudulent Sales: Evidence. Proof of an offer to sell, or of an actual sale, of personal property will not support an attachment on the ground of attempted fraudulent disposition of property so as to hinder and delay creditors.

Appeal from Benton Circuit Court.—*Hon. C. A. Calvird*, Judge.

AFFIRMED.

*C. C. Barrett* and *W. S. Jackson* for appellant.

*Henry P. Lay* for respondent.

ELLISON, P. J.—Plaintiff sued defendant for fifty dollars, and attached his property on the ground that the latter was "about fraudulently to convey and assign his property and effects so as to hinder and delay his creditors." On trial of the plea in abatement the court sustained a demurrer to the evidence for plaintiff.

We must affirm the judgment. There was no evidence whatever to sustain the allegation for attachment. It consisted of the fact that defendant, among other things, owned twenty-eight head of two-year-old steers which he had offered for sale to each of two neighbors. They could not agree on the price as he asked too much for them. One of these neighbors testified that defendant said he would not desire to sell except "he was going to Kansas." But an intention to leave the State was not alleged as a ground for attachment. So in order to sustain the writ we would be compelled to say that a mere offer by a farmer to sell a bunch of cattle would lay him liable to attachment; an affirmation of law we cannot make.

The statute says there must be a fraudulent sale. This fraud may be constructive and exist without actual intent to defraud, since one will be presumed to intend the necessary consequences of his act. [Reed v. Pelletier, 28 Mo. 173; Gens v. Tiede, 56 Mo. App. 245, 249.] Thus one may take a mortgage on a stock of goods and permit the mortgagor to remain in possession and sell as his own. That would be constructively fraudulent so as to authorize an attachment, even though there was no actual intention to commit a fraud. But that rule has no tendency to support the idea that mere proof of an offer to sell, or of an actual sale, of personal property would support an attachment against the owner. Such a rule would stifle a great part of barter and sale. The cases cited by plaintiff are not applicable.

The judgment is affirmed. All concur.